GOODMAN, J.,*
Dissenting. — Respectfully, I dissent.
This case presents a threshold issue: By what procedure is a physician to obtain appellate review of a trial court’s affirmance of a decision by the Medical Board of California (the Board) denying the physician’s request to modify the terms of a prior Board decision imposing probationary conditions on the physician’s right to practice medicine? In denying the request of Michael Sela, M.D. (Sela), to modify the terms of his probation, the Board left in full force and effect its 2006 decision reinstating his license to practice medicine, subject to specified conditions of probation.* [1] The trial court affirmed this decision on Sela’s petition for writ of mandamus under Code of Civil Procedure section 1094.5. Sela filed the present appeal from the judgment entered after trial on his petition. This court asked counsel to file letter briefs addressing whether Business and Professions Code section 2337 requires that our review be undertaken solely by extraordinary writ. For the reasons stated below I conclude that review of the judgment entered after trial of Sela’s petition to modify the terms of his probation is by direct appeal rather than by extraordinary writ.
The Administrative Procedure Act (APA) (Gov. Code, § 11340 et seq.) prescribes the procedures for adjudication of licensure matters except when a specific statute provides otherwise.[2] Part of the APA, Government Code section 11501 provides: “(a) This chapter applies to any agency as determined by the statutes relating to that agency.” Business and Professions Code *233 section 2230, subdivision (a), part of the Medical Practice Act (MPA) (Bus. & Prof. Code, § 2000 et seq.) recognizes the preeminence of the APA in the following text: “All proceedings against a licensee for unprofessional conduct, or against an applicant for licensure for unprofessional conduct or cause, shall be conducted in accordance with the [APA] (Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code) except as provided in this chapter. . . .” (Accord, Bus. & Prof. Code, § 2335, subd. (c) [proposed decisions of the Board are to be acted upon “in accordance with Section 11517 of [the Government Code]” with exceptions not relevant to this proceeding]; Astle et al., Cal. Administrative Hearing Practice (Cont.Ed.Bar 2d ed. 2014) Postdecision Administrative Proceedings, § 9.3 (rev. 10/13); 9 Witkin, Cal. Procedure (5th ed. 2008) Administrative Proceedings, § 119, p. 1245.)
The questions to be resolved on this appeal include whether part of the APA, Government Code sections 11522 and 11523, together with Code of Civil Procedure section 1094.5, on the one hand, or part of the MPA, Business and Professions Code section 2337, on the other, determine the method for review of the trial court’s judgment in this case.[3]
*234 The terms of part of the APA, Government Code section 11522 expressly apply to the petition filed by Sela, while the text of part of the MPA, Business and Professions Code section 2337 does not. As part of the APA, Government Code section 11522 is applicable, then pursuant to part of the APA, Government Code section 11523 and Code of Civil Procedure section 1094.5, appellate review of the trial court’s judgment on Sela’s petition for writ of mandate is by direct appeal. (See Landau v. Superior Court (1998) 81 Cal.App.4th 191, 201 [97 Cal.Rptr.2d 657] (Landau) [noting that appellate review of judgments entered after trial on petitions for writs of mandamus under Code Civ. Proc., § 1094.5 is “traditionally]” by means of appeal; see id., at p. 198, fn. 2].)
These conclusions are consistent with part of the APA, Government Code section 11501* **[4] and with part of the MPA, Business and Professions Code section 2230, subdivision (a). The majority reasons that Business and Professions Code section 2337, part of the MPA, must be construed to apply the same expedited procedure to our review of denials of changes in terms of probation as the Legislature clearly intended to apply to decision[s] revoking, suspending or, restricting a license” (italics added) under Business and Professions Code section 2337. For the following reasons, I conclude that review of such a denial is by direct appeal. First, the text of Government Code section 2337 does not include any express reference to petitions to modify probationary terms of a decision of the Board: While it carefully specifies those circumstances to which it applies, nowhere in the text of this section is there any reference to expedited review of denials of petitions to modify the terms of probation.
*235 Second, extending the scope of part of the MPA, Business and Professions Code section 2337 to include appellate review of petitions for changes in probationary terms requires that we ignore the express language of part of the APA, Government Code section 11522 as well as that of section 2337. Section 11522 expressly applies to any licensee “whose license has been revoked or suspended . . .” while part of the MPA, Business and Professions Code section 2337 expressly applies to a carefully defined and distinctive set of circumstances.
Third, the construction suggested by the majority undervalues the statutorily prescribed interrelationship between the APA and the MPA set out in part of the APA, Government Code section 11501, subdivision (a) and part of the MPA, Business and Professions Code section 2230, subdivision (a), both of which require that provisions of the APA apply when the MPA does not. Further, part of the MPA, Business and Professions Code, section 2307 establishes a procedure for a licensee to seek modification of either a penalty or probation through a series of statutes which culminates with the requirement that compliance be had with the APA.[5] Once the determination is made under section 2307, subdivision (c), that determination is “acted upon in accordance with Section 2335.” (Bus. & Prof. Code, § 2307, subd. (d).) Business and Professions Code section 2335 requires prompt transmission of proposed decisions and interim orders to the Board executive director, prescribes that interim orders are final when filed, and generally requires compliance with procedural protections of the APA set out in part of the APA, Government Code section 11517. Government Code sections 11522 and 11523 are located in the same chapter of the Government Code as section 11517, and it is that chapter which sets out the comprehensive procedure for hearing and appeal of administrative adjudications. As noted above, part of the APA, Government Code section 11501, subdivision (a) applies to all agency determinations except as otherwise provided in statutes governing the particular agency. Section 2230, subdivision (a) provides that the APA applies unless the MPA contains a specific provision that otherwise provides. Sections 2307 and 2335 require compliance with provisions of the APA when addressing modifications of penalty or probation imposed by the Board. That includes part of the APA, Government Code, sections 11522 and 11523, and, as required by the latter section, Code of Civil Procedure section 1094.5. Appellate review of trial court determinations under the last-cited section has been by direct appeal since the statute was first added to the Code of Civil *236 Procedure in 1945. (Stats. 1945, ch. 868, § 1(f), p. 1636; see Landau, supra, 81 Cal.App.4th at p. 198, fn. 2.)
Fourth, nothing in the legislative history of enactment of Business and Professions Code section 2337, part of the MPA, suggests that it applies to determinations that result in no change in the status quo, such as in this case. This legislative history clearly sets out its purposes for protecting both the public and the licensee by expediting finality of decisions in which a physician’s license is “restricted, suspended or revoked” as such decisions have potential for significant public safety and financial impact on the public and the physician, respectively. Among the motivating factors for enactment of Business and Professions Code section 2337 was “ ‘an April, 1989 report entitled “Physician Discipline in California: A Code Blue Emergency . . .” [which had] concluded that vast changes were needed in the discipline system for medical professionals, including a means of increasing the number of professionals being disciplined and methods for short-cutting the lengthy hearing and appeal process. . . .’ (State and Consumer Services Agency, General Services, Enrolled Bill Rep. for Sen. Bill 2375, Sept. 4, 1990, p. 1, italics added [by Landau, supra, 81 Cal.App.4th at p. 202].)
“ ‘Among the several concerns at which the legislation was aimed was the excessive amount of time consumed by the disciplinary process. . . .’
“As the Center for Public Interest Law Report indicated, appellate review played a major part in the overall duration of the disciplinary process. ‘Court of Appeal review normally takes several years to complete.’ (Center for Public Interest Law, Physician Discipline in California: A Code Blue Emergency (Apr. 5, 1989) p. 22.)” (Landau, supra, 81 Cal.App.4th at pp. 202-203.)
The second paragraph of Business and Professions Code section 2337, part of the MPA, providing for appellate review by extraordinary writ rather than direct appeal,[6] was added to the statute in 1995. (Landau, supra, 81 Cal.App.4th at p. 204.) As the Landau court explains: “The legislative history of section 2337 makes clear that the statute was a response to one aspect of a perceived crisis in physician discipline procedures — that of lengthy delays in the final imposition of discipline. The provision for writ review in the Court of Appeal was intended to expedite the completion of judicial review of physician discipline decisions and to shorten the overall time for these cases irrespective of which party prevailed at the superior court level.” (81 Cal.App.4th at p. 205, italics added.)
*237 . -No similar purpose is achieved by extending this expedited review process to determinations which maintain the status quo. The legislative history of Business and Professions Code section 2337, part of the MPA, contains no discussion of any need to expedite review of denials of requests to modify probationary terms. When such a petition is denied in the superior court, the plaintiff physician remains in the same status as he or she stood prior to that denial. In such circumstances there is not present the concern that motivated enactment of Business and Professions Code section 2337, part of the MPA, viz., that action by the Board may lead to a protracted judicial process during which the protection of the public, or the rights of the disciplined physician, or both, remain undetermined, and with the physician subject to eventual discipline remaining in practice during that extended appellate process. In the context of the present matter, such concerns were addressed earlier when the decision was made to impose discipline on the licensee, and it was decisions such as the earlier action in this case that provided the context for the discussion of the need for expedited review described in the legislative history of Business and Professions Code section 2337. It was concern over delay in finality of the disciplinary actions specifically set out in Business and Professions Code, section 2337 that was the basis for expediting both trial court proceedings and their appellate review.
There is no similar or compelling reason explicit or implicit in the legislative history of Business and Professions Code section 2337 which explains why the usual appellate process does not suffice for review of the denial of a petition for modification of probation; nor does that legislative history suggest that it was intended to affect the right to appeal under the circumstances presented in this case.
In the present case, the result of the Board’s action, confirmed by the trial court, is that no change occurred in Sela’s status. He stands in the same position as he did prior to seeking review of his probationary status. The citizens of this state are also not differently affected by the trial court’s affirmance of the Board’s decision to make no change in the terms of his probation. Thus, there is no reason for expedited review of the trial court’s judgment by extraordinary writ.
Fifth, harmonizing construction of the statutes at issue here as now suggested gives the words of these statutes plain meanings consistent with their respective terms, gives effect and significance to every word and phrase of each statute, and avoids repeal by implication of the statute which expressly addresses the circumstance presented in this case, part of the APA, Government Code section 11522. (See Garcia v. McCutchen (1997) 16 Cal.4th 469, 476-477 [66 Cal.Rptr.2d 319, 940 P.2d 906] and cases there cited *238 regarding rules of statutory construction.)[7] Had the Legislature intended to affect the method of appellate review of decisions denying petitions to modify the terms of a physician’s probation in enacting Business and Professions Code section 2337, it had the statutory language at hand, in part of APA, Government Code section 11522.
While there is logic in having all determinations relating to Board adjudications in physician licensing matters be subject to the same appellate process, the Legislature did not so provide. For all of the reasons now discussed, I conclude that the several statutes at issue can and should be read in harmony and not so as to repeal clearly relevant express provisions of the APA. I would hold that the correct procedure for review of the trial court’s judgment in this case is direct appeal.
A petition for a rehearing was denied June 17, 2015, and appellant’s petition for review by the Supreme Court was denied August 26, 2015, S227657.

Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

 Sela sought removal of all of the probationary conditions on his right to practice medicine. This analysis applies to all applications to modify probationary conditions on the right to practice medicine, whether full or partial.

 The administrative adjudicative procedures of the APA are located in chapters 4.5 (Gov. Code, § 11400 et seq.) and 5 (Gov. Code, § 11500 et seq.) of part 1 of division 3 of title 2 of the Government Code.

 Part of the APA, Government Code section 11522 provides: “A person whose license has been revoked or suspended may petition the agency for reinstatement or reduction of penalty after a period of not less than one year has elapsed from the effective date of the decision or from the date of the denial of a similar petition. The agency shall give notice to the Attorney General of the filing of the petition and the Attorney General and the petitioner shall be afforded an opportunity to present either oral or written argument before the agency itself. The agency itself shall decide the petition, and the decision shall include the reasons therefor, and any terms and conditions that the agency reasonably deems appropriate to impose as a condition of reinstatement. This section shall not apply if the statutes dealing with the particular agency contain different provisions for reinstatement or reduction of penalty.”
Part of the APA, Goverment Code section 11523 provides: “Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure, subject, however, to the statutes relating to the particular agency. Except as otherwise provided in this section, the petition shall be filed within 30 days after the last day on which reconsideration can be ordered. The right to petition shall not be affected by the failure to seek reconsideration before the agency. On request of the petitioner for a record of the proceedings, the complete record of the proceedings, or the parts thereof as are designated by the petitioner in the request, shall be prepared by the Office of Administrative Hearings or the agency and shall be delivered to the petitioner, within 30 days after the request, which time shall be extended for good cause shown, upon the payment of the cost for the preparation of the transcript, the cost for preparation of other portions of the record and for certification thereof. The complete record includes the pleadings, all notices and orders issued by the agency, any proposed decision by an administrative law judge, the final decision, a transcript of all proceedings, the exhibits admitted or rejected, the written evidence and any other papers in the case. If the petitioner, within 10 days after the last day on which reconsideration can be ordered, requests the agency to prepare all or any part of the record, the time within which a petition may be filed shall be extended until 30 days after its delivery to him or her. The agency may file with the court the original of any document in the record in lieu of a copy *234 thereof. If the petitioner prevails ip overturning the administrative decision following judicial review, the agency shall reimburse the petitioner for all costs of transcript preparation, compilation of the record, and certification.”
Part of the MPA, Business and Professions Code section 2337 provides: “Notwithstanding any other provision of law, superior court review of a decision revoking, suspending, or restricting a license shall take preference over all other civil actions in the matter of setting the case for hearing or trial. The hearing or trial shall be set no later than 180 days from the filing of the action. Further continuance shall be granted only on a showing of good cause. [¶] Notwithstanding any other provision of law, review of the superior court’s decision shall be pursuant to a petition for an extraordinary writ.”

 Part of the APA, Government Code section 11501 provides: “(a) This chapter applies to any agency as determined by the statutes relating to that agency. [¶] (b) This chapter applies to an adjudicative proceeding of an agency created 'on or after July 1, 1997, unless the statutes relating to the proceeding provide otherwise. [¶] (c) Chapter 4.5 (commencing with Section 11400) applies to an adjudicative proceeding required to be conducted under this chapter, unless the statutes relating to the proceeding provide otherwise.”
Part of the MPA, Business and Professions Code section 2230, subdivision (a) provides: “(a) All proceedings against a licensee for unprofessional conduct, or against an applicant for licensure for unprofessional conduct or cause, shall be conducted in accordance with the [APA] (Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code) except as provided in this chapter . . . .”

 Part of the MPA, Business and Professions Code section 2307, subdivision (a) provides: “(a) A person whose certificate has been surrendered while under investigation or while charges are pending or whose certificate has been revoked or suspended or placed on probation, may petition the board for reinstatement or modification of penalty, including modification or termination of probation. . . .”

 See text of this statute in footnote 3 above.

 The decision of our Supreme Court in Leone v. Medical Board (2000) 22 Cal.4th 660 [94 Cal.Rptr.2d 61, 995 P.2d 191] considered whether Business and Professions Code section 2237 violated article VI, section 11 of our state Constitution, which provides that courts of appeal have appellate jurisdiction when superior courts have original jurisdiction. In holding that the Legislature may enact laws that specify the mode of appellate review (viz., that the phrase “appellate jurisdiction” includes review by extraordinary writ as well as by direct appeal), our Supreme Court was not called upon to analyze whether section 2337 applied to denials of petitions to modify terms of probation in addition to the circumstances clearly delineated in the text of section 2337. Thus, the issue of application of part of the MPA, Business and Professions Code section 2337, or part of the APA, Government Code section 11522, to appellate review of denials of petitions to modify probationary terms of a physician’s license was not presented in that case.
Steinsmith v. Medical Board (2000) 85 Cal.App.4th 458 [102 Cal.Rptr.2d 115], in which the discipline imposed was limited to a monetary fine, notes “preliminarily” that Business and Professions Code section 2337 was inapplicable because it did “not involve revocation, suspension, or restriction of [the doctor’s] license. . . .” (85 Cal.App.4th at 464.) Because of the cursory nature of the discussion of this issue in that case, it is noted, but not relied upon.